**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:17-CR-420 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| v. | ) | |
| | ) | |
| VANNESS OLIVER, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant Vanness Oliver's Motion to Suppress, Doc #: 134. Oliver seeks to suppress evidence obtained pursuant to a warrant authorizing a search of his home. Oliver asserts that the search warrant was issued without probable cause, in violation of the Fourth Amendment to the United States Constitution. For the following reasons, the Motion and Oliver's request for an evidentiary hearing on the Motion are **DENIED.**

**I.     Background**

On April 24, 2017, Detective Nicole Gearhart of the Mansfield Police Department submitted an affidavit in support of a request for a search warrant to a Mansfield Municipal Court judge. *See* Doc #: 134-1. At the time, Detective Gearhart was an investigator in the METRICH Enforcement Unit ("METRICH"). *Id.* Her request sought a warrant to search Oliver's home located at 119 Boughton Avenue, Mansfield, Ohio ("119 Boughton"). *Id.* The Mansfield Municipal Court judge issued the warrant, authorizing a search of Oliver's home for controlled substances and contraband. *Id.* METRICH officers executed the warrant on April 25, 2017 and found drug paraphernalia, a Smith and Wesson handgun, 19.39 grams of cocaine,

26.53 grams of heroin, 22 foil packages containing 18.4 grams of Suboxone, and $3,472 in cash. Doc #: 1, Indictment ¶¶ 18-19.

On October 18, 2017, Oliver was charged in a multi-defendant, multi-count indictment with: conspiracy to possess with intent to distribute and to distribute heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A) (Count 1); possession with intent to distribute and distribution of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count 18); possession with intent to distribute and distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count 19); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 20). Doc #: 1. Oliver filed the instant Motion to Suppress on April 15, 2018. Doc #: 134. Although he did not request an evidentiary hearing in his Motion, he requested one on the record during the Court's April 16, 2018 Pre-Trial Conference. Doc #: 137. The Government filed its Response on May 7, 2018. Doc #: 142. Oliver filed his Reply on May 17, 2018. Doc #: 145.

## II.     Analysis

### 1.     Probable Cause Determination

Oliver claims that the Mansfield Municipal Court judge lacked probable cause to issue the search warrant. The Fourth Amendment to the United States Constitution provides that "no warrant shall issue, but upon probable cause...." In reviewing a judge's determination that probable cause existed, the Court must ask whether, under the totality of circumstances, the judge had a "substantial basis for concluding that a search would uncover evidence of wrongdoing." *United States v. King*, 227 F.3d 732, 739 (6th Cir. 2000). The issuing judge's probable cause determination should be paid great deference by the reviewing court and should not be set aside unless arbitrarily exercised. *United States v. Pelham*, 801 F.2d 875, 877 (6th Cir.

1986). Oliver presents several arguments for why the Court should find that the warrant and affidavit do not support the Mansfield Municipal Court judge's probable cause determination. The Court will address each in turn.

Oliver's principal argument is that the warrant affidavit fails to cite any nexus between Oliver's alleged drug trafficking and 119 Boughton. Mot. 3. The Fourth Amendment requires a warrant affidavit to "demonstrate a nexus between the evidence sought and the place to be searched." *United States v. Brown*, 828 F.3d 375, 382 (6th Cir. 2016) (citing *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir. 2004) (en banc)). "[W]hether an affidavit establishes a proper nexus is a fact-intensive question resolved by examining the totality of circumstances presented." *Brown*, 828 F.3d at 382 (citations omitted). Oliver claims that the warrant affidavit fails to allege that any criminal activity occurred at 119 Boughton, except for an allegation that Oliver was selling drugs from his home on July 8, 2013. Rep. 4. However, the warrant affidavit contains eight separate allegations, from July 8, 2013 to April 13, 2017, that Oliver was selling drugs from, and resided at, 119 Boughton. These tips establish a sufficient nexus between Oliver's drug trafficking activity and 119 Boughton.

Next, Oliver argues that the warrant affidavit was not based on reliable information. Mot. 5. He avows that the affidavit listed only unsupported assertions made by unknown or unidentified persons. *Id.* Oliver contends that "vague assertions from persons, *who are not even alleged to be known or reliable to law enforcement*" are insufficient to establish probable cause. Mot. 2-3 (emphasis in original). When reviewing the sufficiency of a warrant affidavit, the Court must consider the veracity, reliability, and basis of knowledge for the information as part of the totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 239 (1983). "Tips from named informants are inherently more reliable than those from confidential informants because

3

named informants face a greater risk of criminal liability for fabrications." *United States v. Alford*, 717 F. App'x 567, 570 (6th Cir. 2017) (citing *United States v. May*, 399 F.3d 817, 823 (6th Cir. 2005)). Sixth Circuit precedent "clearly establishes that the affiant need only specify that the confidential informant has given accurate information in the past to qualify as reliable." *United States v. Brown*, 732 F.3d 569, 574 (6th Cir. 2013). "Consequently, an affidavit including a tip from an informant that has been proven to be reliable may support a finding of probable cause in the absence of any corroboration." *United States v. Woosley*, 361 F.3d 924, 926–27 (6th Cir. 2004).

In this case, the warrant affidavit contains information that METRICH received from at least sixteen concerned citizens, two confidential sources, and three law enforcement officers. Doc #: 134-1, Aff. ¶ 30. At least twelve of the concerned citizens were known to METRICH.[1] *Id.* These known concerned citizens had previously provided METRICH with "valuable information" that had been "independently corroborated and proven reliable." *Id.* ¶ 31. Further, the warrant affidavit presents eight separate instances where known concerned citizens or confidential sources allegedly bought heroin from Oliver or saw him with firearms. In five of these instances, the known informants personally purchased heroin from Oliver at 119 Boughton, observed thousands of dollars of stolen property at 119 Boughton, and/or provided details as to where Oliver kept drugs at 119 Boughton. *See id.* ¶¶ 20, 22-24, and 28. Any of these allegations alone supports a finding of probable cause.

Even assuming, *arguendo*, that the informants were not known to METRICH or known to be reliable, METRICH corroborated their tips with a controlled drug transaction on April 13,

---

[1] The known concerned citizens' names are not listed in the warrant affidavit but the affidavit states that their identity was available upon request.

2017. Doc # 134-1 at ¶ 27. "[A]n affidavit that supplies little information concerning an informant's reliability may support a finding of probable cause, under the totality of the circumstances, if it includes sufficient corroborating information." *United States v. Woosley*, 361 F.3d 924, 927 (6th Cir. 2004). During the controlled buy, METRICH observed Oliver leaving 119 Boughton and driving to meet a confidential informant. Doc # 134-1 at ¶ 27. Oliver then sold heroin to the informant. *Id.* METRICH observed Oliver at 119 Boughton again on April 24, 2017. *Id.* ¶ 29. At that time, METRICH officers also observed a vehicle registered to Ashiya Oliver (Oliver's wife) of 119 Boughton. *Id.* The controlled buy, observations of Oliver at 119 Boughton, and his wife's car registered to the 119 Boughton address corroborated the informants' statements that Oliver lived at 119 Boughton and was selling heroin. This information coupled with the numerous tips received from sixteen different sources sufficiently supported the judge's probable cause determination.

Additionally, Oliver argues that the warrant affidavit was based on stale information, spanning five years. Mot. 5. As previously discussed, Oliver asserts that the only allegation of criminal activity at his home dates back to July 8, 2013. Mot. 3. In analyzing whether information is stale, the Court considers the four *Abboud* factors: "(1) the character of the crime (chance encounter in the night or regenerating conspiracy?), (2) the criminal (nomadic or entrenched?), (3) the thing to be seized (perishable and easily transferable or of enduring utility to its holder?), and (4) the place to be searched (mere criminal forum of convenience or secure operational base?)." *United States v. Young*, 847 F.3d 328, 347 (6th Cir. 2017) (citing *United States v. Abboud*, 438 F.3d 554, 572–73 (6th Cir. 2006)).

First, conspiracy to traffic drugs is not a chance encounter in the night; it is a regenerating conspiracy. *Young*, 847 F.3d at 347; *see also United States v. Canan*, 48 F.3d 954, 959 (6th Cir.

1995) (finding ongoing drug trafficking activity at the defendant's house four years prior to issuance and execution of the search warrant was sufficient to defeat claim of staleness). Second, the affidavit established that Oliver was not nomadic. Contrary to Oliver's assertion that the affidavit contains only one allegation of criminal activity at his home, the Mansfield Police received eight separate tips that Oliver was selling drugs from, and resided at, 119 Boughton.[2] At least five of these tips came from known and reliable sources. These tips span nearly four years from July 8, 2013 to April 13, 2017. Thus, the information in the warrant affidavit indicated that Oliver lived at 119 Boughton for at least four years prior to the search. Regarding the last two staleness factors, although drugs are easily consumable and mobile, drugs underlying an ongoing trafficking conspiracy are likely to be at an operational base. *Young*, 847 F.3d at 348. Accordingly, the *Abboud* factors indicate that the evidence was not stale in this case and was sufficient to support a finding of probable cause.

Next, Oliver maintains that the form of the warrant calls into question whether the issuing judge "actually sign[ed] off on the Affidavit and/or was neutral and detached." Mot. 5. However, the issuing judge declares on Page 6 of the warrant that he has reviewed the affidavit and believes that it establishes probable cause. Doc #: 134-1 at 6. Further, Oliver does not offer any evidence, albeit for *his* bare assertion, that the issuing judge was not neutral or detached. This, without more, is insufficient to challenge the validity of the warrant. Lastly, Oliver submits that the evidence found in his home was seized in violation of Rule 41 of the Federal Rules of Criminal Procedure. Mot. 6. But he does not explain how this seizure violated Rule 41

---

[2] In two instances, the warrant affidavit lists 199 Boughton Avenue as Oliver's residence. This appears to be typographical error because 199 Boughton Avenue is not a valid address.

and the Court cannot otherwise discern a violation of Rule 41. Therefore, the Court concludes that the warrant affidavit provides a substantial basis for a finding of probable cause.

   2.   **Good Faith Exception**

Even if a search warrant were found to be invalid, however, the Court may still deny a motion to suppress under the *Leon* good-faith exception. This is because the standard for applying the good-faith exception of *Leon* is lower than that which is required to support a finding of probable cause. *United States v. Higgins*, 557 F.3d 381, 391 (6th Cir. 2009). In *United States v. Leon*, the United States Supreme Court modified the exclusionary rule to allow the admission of evidence seized in reasonable, good-faith reliance on a search warrant, even if the warrant was subsequently found to be defective. 468 U.S. 897 (1984). This good-faith exception applies where a police officer's reliance on a search warrant was objectively reasonable. *King*, 227 F.3d at 753 (citing *Leon*).

There are, however, four circumstances in which the good-faith exception is inappropriate: (1) if the issuing magistrate was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth; (2) if the issuing magistrate failed to act in a neutral and detached fashion and merely served as a rubber stamp for the police; (3) if the affidavit was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable, or where the warrant application was supported by nothing more than a bare bones affidavit; and (4) if the warrant was facially deficient in that it failed to particularize the place to be searched or the things to be seized. *Id.*

The Government argues that the good-faith exception should apply in the event that the Court finds that probable cause was lacking. Oliver does not address the *Leon* good-faith

exception in either its Motion or its Reply brief, much less claim that any of the four circumstances exist.  There is certainly no evidence that circumstances one, two, or four are present in this case.  As to circumstance three, even if the Court were to find that probable cause was lacking, it could not be said that the affidavit was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonably.  Further, this is clearly not a bare-bones affidavit.  Therefore, this Court finds that the officers relied on the search warrant in good faith.

    **3.**    **Evidentiary Hearing**

Although Oliver requested an evidentiary hearing, the Court finds that a hearing is unnecessary.  Oliver bears the burden of demonstrating that there are contested issues of fact that might be resolved at an evidentiary hearing.  *See United States v. Wagner*, 289 F. App'x 57, 59 (6th Cir. 2008).  Where, as in this case, a defendant does not argue that a warrant affidavit contains false statements or material omissions, the probable cause determination is a question of law, not one of fact.  Oliver does not allege that the affidavit contains false statements or material omissions or otherwise present a factual dispute.  Thus, the Court finds that an evidentiary hearing is unnecessary.

**IV.**    **Conclusion**

Accordingly, the Motion to Suppress, Doc #: 134, and Oliver's request for an evidentiary hearing are hereby **DENIED.**

    **IT IS SO ORDERED.**

    */s/Dan Aaron Polster May 22, 2018*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT COURT**